UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-07996-SPG-PVC | Date | January 19, 2024 |
|---|---|---|---|
| Title | Gary Pogosyan v. Mercedes-Benz USA, LLC, et al. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** (IN CHAMBERS) ORDER ON PLAINTIFF'S MOTION FOR REMAND [ECF No. 14]

Before the Court is Plaintiff Pogosyan's Motion for Remand. (ECF No. 14-1 ("Mot.")). Defendant Mercedes-Benz USA, LLC opposes. (ECF No. 18 ("Opp.")). Having considered the accompanying declarations, the relevant law, and the record in this case, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court DENIES the motion.

**I.    Background**

The complaint alleges on July 8, 2022, Plaintiff purchased a 2022 Mercedes G63 (the "Vehicle") distributed by Defendant. (ECF NO. 1-2 ("Compl.") ¶ 4). Including taxes, license, and finance charges, Plaintiff paid $334,722.61 in consideration for the Vehicle. (*Id.*). In connection with the purchase of the Vehicle, Plaintiff received an express warranty pursuant to which Defendant "undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there was a failure in utility or performance  . . ." (*Id.* ¶ 6). During the warranty period, however, the Vehicle allegedly contained or developed various defects. (*Id.* ¶ 7). The complaint alleges that Plaintiff has rejected and/or revoked acceptance of the vehicle and is exercising his right to cancel the sale. (*Id.* ¶ 8).

On June 23, 2023, Plaintiff commenced this action in the Los Angeles County Superior Court, asserting eight causes of action under the Song-Beverly Consumer Warranty Act ("SBA") (Compl. ¶¶ 9–51), as well as four other California state law causes of action. (Compl. at 52–70). Plaintiff's prayer for relief seeks actual damages in the amount of $334,722.61 for the full purchase price of the Vehicle, the maximum civil penalties under the SBA, and other monetary relief. (Compl. at 15–16).

On or about July 27, 2023, Defendant filed its answer to the complaint in the Los

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07996-SPG-PVC | Date | January 19, 2024 |
| Title | Gary Pogosyan v. Mercedes-Benz USA, LLC, et al. | | |

Angeles County Superior Court. *See* (ECF No. 1-3 at 2-13). On August 11, 2023, Defendant served interrogatory requests on Plaintiff, seeking information regarding Plaintiff's place of residence. (ECF No. 1-1 ¶¶ 6, 8); *see also* (ECF No. 1-5). On September 13, 2023, Plaintiff responded, representing that his current driver's license was issued from California on February 7, 2022, and that he has been residing in California for the last five years. (ECF No. 1-5 at 5–6).

On September 25, 2023, Defendant filed its Notice of Removal ("NOR"), removing the action to federal district court. *See* (ECF No. 1). In its NOR, Defendant attached Plaintiff's complaint, (Compl.), Defendant's answer, (ECF No. 1-3), and Plaintiff's discovery responses. (ECF No. 1-4; ECF No. 1-5). On October 20, 2023, Plaintiff moved to remand.

**II.    Legal Standard**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a). An individual is a citizen of the state where he or she is domiciled, meaning the state where the person resides at the person's "permanent home" with the intent to remain or the place to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The citizenship of a limited liability company for diversity purposes is determined by the citizenship of each member of the company. *Johnson v. Columbia Properties. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[A] corporation . . . [is] . . . deemed . . . a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c). A corporation's principal place of business is its "nerve center," the place where its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (citation omitted). Once an action is removed, a plaintiff may seek remand by making either a "facial" or "factual" challenge to the defendant's jurisdictional allegations in the NOR. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). "A facial attack accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* (internal quotation marks and citation omitted). "A factual attack contests the truth of the allegations themselves." *Id.* (internal quotation marks and citation omitted). Where a plaintiff seeks remand of the action by mounting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07996-SPG-PVC | Date | January 19, 2024 |
| Title | Gary Pogosyan v. Mercedes-Benz USA, LLC, et al. | | |

a "factual" challenge to the removing defendant's jurisdictional allegations, the burden is on the removing defendant to provide "competent proof" showing by a preponderance of the evidence that the jurisdictional requirements are satisfied. *Id.* at 701. Although a plaintiff may present evidence in support of a factual attack, the plaintiff "need only challenge the truth of defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by the evidence." *Id.* at 700. When determining jurisdiction based on a factual attack, the court may view evidence beyond the complaint and need not presume the truthfulness of the removing parties' allegations. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

### III. Discussion

Though not specified until his reply brief,[1] Plaintiff challenges removal on both procedural and substantive grounds. First, Plaintiff asserts that the NOR is procedurally defective because it is untimely. Second, Plaintiff challenges the truth of Defendant's jurisdictional allegations regarding diversity of citizenship and amount in controversy, arguing that they are not supported by competent proof. The Court addresses each of Plaintiff's

---

[1] Notwithstanding the specific facts set forth in the NOR and Defendant's submission of a declaration and supporting documents regarding the timing of removal subject-matter jurisdiction, Plaintiff's motion initially raises what can best be characterized as a generic challenge to the truth of Defendant's jurisdictional allegations. Plaintiff simply points to both the general presumption against federal removal jurisdiction and Defendant's burden of proof and then states that it is Defendant's burden to submit competent proof of this Court's subject-matter jurisdiction. *See generally* (Mot.); *see* (*id.* at 7) ("By filing this motion, Plaintiff has challenged Defendant's assertion that the Court has jurisdiction," and Defendant must "provide evidence overcoming the presumption that this Court lacks jurisdiction."). Plaintiff then waits until his reply brief to raise a procedural challenge to removal and to specify the bases for his factual challenge to Defendant's jurisdictional allegations. Courts generally decline to consider arguments raised for the first time in a reply brief. *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Moreover, procedural defects in a removal can also be waived. *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003); *see also Maniar v. FDIC*, 979 F.2d 782, 784–85 (9th Cir.1992) (untimely removal is a procedural defect). Notwithstanding, the Court has considered the arguments in Plaintiff's reply brief concerning the Court's subject-matter jurisdiction based on the principle that subject-matter jurisdiction may not be waived, *see Maniar*, 979 F.2d at 784–85, and exercised its discretion to consider Defendant's procedural defect argument concerning the NOR's timeliness, given that Defendant has not raised waiver of that argument as an issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-07996-SPG-PVC | Date | January 19, 2024 |
|---|---|---|---|
| Title | Gary Pogosyan v. Mercedes-Benz USA, LLC, et al. | | |

arguments in turn.

    **A.**    **Timeliness of Removal**

    Section 1446 provides two thirty-day periods during which a defendant may remove an action. The first thirty-day requirement "only applies if the case stated by the initial pleading is removable on its face," within the "four corners of the applicable pleadings, [and] not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690, 694 (9th Cir. 2005). The second thirty-day requirement, which applies where no grounds for removal are evident from the initial pleading, occurs "thirty days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* (cleaned up).

    Plaintiff argues that Defendant did not timely file its NOR. Specifically, Plaintiff argues that Defendant cannot rely on Plaintiff's discovery responses to trigger the second thirty-day timeframe that begins when a defendant receives an "amended pleading, motion, order or other paper," *see Harris*, 425 F. 689 at 694, because a discovery response is not a "paper." Thus, argues Plaintiff, because the second 30-day window does not apply, Defendant's NOR filed more than 30 days after the complaint was filed is untimely. *See* (Reply at 3–5).

    Defendant argues that, although it was evident from the face of the complaint that the amount sought by Plaintiff exceeded the $75,000 threshold for federal jurisdiction, Plaintiff did not plead his state of citizenship. (Opp. at 7–10). Therefore, the 30-day removal clock did not begin to run until September 13, 2023, when Defendant received Plaintiff's responses to Defendant's interrogatories pursuant to which Plaintiff represented he possesses a California driver's license and, since 2012, has been residing in California. (Opp. at 6; ECF No. 1-5 at 4–6).

    The Court agrees with Defendant. Receipt of discovery responses is sufficient to indicate the existence of diversity and to trigger the second 30-day clock. *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021) (defendant's removal was timely, "as no ground for removal was unequivocally clear and certain until after . . . [the plaintiff] served her amended responses to [defendant's discovery requests]"); *Badame v. J.P. Morgan Chase Bank, N.A.*, 641 F. App'x 707, 709 (9th Cir. 2016) ("The existence of diversity jurisdiction became clear only after [defendant] received [plaintiffs'] June 5, 2013 and June 27, 2013 discovery responses."). Here, Plaintiff did not disclose facts regarding his citizenship until he served his responses to Defendant's interrogatories, which occurred on September 13, 2023. (ECF No. 1-4 at 4–5; ECF No. 1-5 at 4–6). The Court finds these responses triggered the second 30-day clock, and that Defendant filed the NOR on September 25, 2023, well within thirty days of Plaintiff's discovery responses. As such, Defendant's NOR is timely.

    **B.**    **Diversity of Citizenship and Amount in Controversy**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07996-SPG-PVC | Date | January 19, 2024 |
| Title | Gary Pogosyan v. Mercedes-Benz USA, LLC, et al. | | |

Plaintiff's motion contests the truth of Defendant's jurisdictional allegations and supporting evidence, arguing "Defendant has failed to meet its burden of proving by competent evidence that the allegations in its NOR are true . . . ." (Reply at 3). Plaintiff, however, does not introduce his own evidence or provide contrary facts to rebut Defendant's jurisdictional allegations. Notwithstanding, Plaintiff appears to raise a factual challenge to Defendant's jurisdictional allegations. *See KM Indus.*, 980 F.3d at 700 ("Because [the plaintiff] directly challenged the truth of [the defendant's] allegation . . . we find that [the plaintiff] made a factual attack."). As such, Defendant's jurisdictional allegations must be supported by "'competent proof,' [ ] under the same evidentiary standard that governs in the summary judgment context." *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010)). And Defendant bears the burden of showing by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction have been met. (*Id.* at 1122).

      1.    <u>Diversity of Citizenship</u>

To demonstrate diversity of citizenship, Defendant offers the declaration of Defense Counsel representing that Defendant is a limited liability company wholly owned by one member, Mercedes-Benz North America Corporation ("MBNAC"), and that MBNAC is a Delaware corporation with its principal place of business in Michigan. (ECF No. 1-1 ¶ 4); *see also* (ECF No. 3). Thus, according to Defendant, Defendant is a citizen only of Michigan and Delaware. (Opp. at 9; ECF No. 1-1 ¶ 4). Furthermore, Defendant argues that Plaintiff is a citizen of California because he has a California driver's license and has only resided at addresses within California for the last five years. (Opp. at 9–10; ECF No. 1-5 at 4–6).

In response, Plaintiff argues that the representations in the declaration filed by Defense Counsel regarding Defendant's principal place of business and state of incorporation have no foundation and are inadmissible. (Reply at 6). Plaintiff also contends that Defendant has failed to prove Plaintiff's citizenship because Plaintiff's residence information disclosed in his discovery responses "does not necessarily demonstrate" that he is a citizen of California or a citizen of the United States. (*Id.* at 7).

The Court finds Defense Counsel's declaration is sufficient to show Defendant's citizenship. Per the declaration, the matters concerning the citizenship of Defendant are made based on Defense Counsel's personal knowledge as counsel for Defendant, and the declaration demonstrates that Defense Counsel is competent to testify regarding the matters stated. (ECF No. 1-1 ¶ 1); s*ee also* Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."). Additionally, the declaration demonstrates Defendant is a citizen of Michigan, where MBNAC's principal place of business is located, and a citizen of Delaware, where MBNAC was incorporated. *See* 28 U.S.C. § 1332(c)(1). Defendant's citizenship, as a limited liability company, is determined by the citizenship of its members—in this case, only MBNAC. (ECF No. 1-1 ¶ 4); *see also Wyatt*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07996-SPG-PVC | Date | January 19, 2024 |
| Title | Gary Pogosyan v. Mercedes-Benz USA, LLC, et al. | | |

*v. Mercedes-Benz USA*, LLC, Case No. 2:23-cv-06422-SVW-MRW, 2023 WL 6908367, at *2 (C.D. Cal. Oct. 19, 2023) ("Defendant (an LLC) is a citizen of the states in which its sole member [ ] (a corporation) is a citizen."). Indeed, Plaintiff has not argued or submitted any evidence to suggest Defendant is a California citizen.

Defendant has also sufficiently shown that Plaintiff is a citizen of California. Defendant asserts that Plaintiff is domiciled in California because Plaintiff has a California driver's license and has resided in California since at least 2012. *See* (ECF No. 1-5 at 4–6). As stated previously, an individual is a citizen of the state where he or she is domiciled, meaning the state where the person resides with the intent to remain or the place to which he or she intends to return. *See Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020). "At minimum, a person's residence constitutes some evidence of domicile." *Id.* Thus, "[a] party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Id.* (citation omitted). Although Plaintiff claims that evidence of his California driver's license and residence "does not necessarily demonstrate" that Plaintiff is a citizen of California, Plaintiff has made no claim or offered any evidence that he is a citizen of any other state or country. *See* (Reply at 7); *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 885 (S.D. Cal. 2021) (finding complete diversity when, "[i]nstead of producing his own evidence, Plaintiff attacked the evidence on which Defendant relied," but after overruling the evidentiary objections, "Plaintiff did not come forward with his own evidence"). Nor has Plaintiff otherwise offered any facts demonstrating that the parties are not, in fact, completely diverse. *See id.; see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614–15 (9th Cir. 2016). Accordingly, Defendant has satisfied its burden of showing by a preponderance of the evidence the parties' complete diversity of citizenship.

2. <u>Amount in Controversy</u>

Plaintiff also argues that Defendant has failed to establish that the amount in controversy exceeds $75,000 because Defendant improperly includes in his calculation attorney's fees and costs even though section 1332(a) excludes fees and costs from the amount in controversy requirement. (Reply at 7–8). However, the Court need not resolve that issue because Plaintiff's prayer for relief seeking $334,722.61 in monetary damages, which Plaintiff represents was the full purchase price for his vehicle, alone exceeds the amount in controversy requirement. *See* (Compl. ¶¶ 4, 8 and at 15–16). Defendant has therefore also satisfied its burden of showing by a preponderance of the evidence that the amount in controversy is satisfied.

IV. **Conclusion**

For all the foregoing reasons, Plaintiff's motion to remand is DENIED. The parties should proceed with the action in accordance with the Federal Rules of Civil Procedure, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-07996-SPG-PVC | Date | January 19, 2024 |
|---|---|---|---|
| Title | Gary Pogosyan v. Mercedes-Benz USA, LLC, et al. | | |

Local Rules, and the Courts Standing Order on Civil Cases.

**IT IS SO ORDERED.**

                                                                                                                                                  : 

Initials of Preparer     pg